PARIENTE, J.,
dissenting.
I dissent, because the 2008 legislative change to section 958.04, Florida Statutes, as to what determines a defendant’s eligibility for youthful offender sentencing— from the defendant’s age at the time of the offense to the defendant’s age at the time of sentencing — arbitrarily infringes- on the defendant’s fundamental right to a trial. See ch.2008-250, § 7, Laws of Fla. A defendant who pleads not guilty and chooses to go to trial, thereby -exercising this fundamental right, is penalized if the delay inherent in the discovery and trial process causes the sentencing to occur after the defendant has reached the 'age of twenty-one — eliminating his or her eligibility to be sentenced as a youthful offender. A defendant who commits a crime close to his or her twenty-first birthday may feel pressured to plead guilty and forego his or- her constitutional right to trial solely because the clock on youthful offender eligibility is ticking.
*429 Prior to the legislative change, the same defendant would be eligible , for youthful offender classification, even if the defendant, in exercising the fundamental right to trial, turned twenty-one before the trial began. A defendant should not be forced to relinquish his or her right to a trial in order to obtain the benefit of a specific sentencing statute that seeks to “improve the chances of correction and successful return to the community,” by “providing ... enhanced vocational, educational, counseling, or public service opportunities and by. preventing [the] association with older and more experienced criminals during the terms of [ ] confinement.” § 958.021, Fla. Stat.
The Legislature provided no reason for the change, in what determines eligibility for youthful offender sentencing. If the legislative justification for the change is to ensure that young offenders will not associate with older, more experienced offenders, as the majority speculates, the change does not bear a reasonable relationship to that objective because the,trial court could have accounted for that factor under the previous statute. Indeed, the legislative intent of the Youthful Offender Act, even before the 2008 amendment, was in part to prevent the association of youthful offenders “with older and. more experienced criminals during the terms of their, confinement.” § 958.021, Fla. Stat. (2007). Fqr example, a trial court would have been able to classify a defendant as a Youthful Offender on the basis of the crime occurring before the defendant turned twenty-one, but could have considered the defendant’s age at sentencing in determining the precise Youthful Offender sentence to impose to avoid the defendant’s association with hardened criminals. See, e.g., § 958.04(2)(c), Fla. Stat. (2007) (providing the court with discretion to impose a split sentence, including a period of incarceration between one and four years).
Tying eligibility for youthful offender sentencing to the defendant’s age at sentencing — the timing of which may- be delayed by several factors outside of the defendant’s control — rather than at the time of the offense, means that two defendants who commit a crime at the exact same age will be treated differently solely based on when they are ultimately sentenced, To me, that arbitrariness, which has an effect on the defendant’s fundamental right to trial, results in a substantive due process violation. For that reason I dissent.